Aird & Watson *v.* United States (No. 3835)[1]

United States Court of Customs and Patent Appeals, January 7, 1935

*Walden & Webster* (*Edward F. Jordan* of counsel) for appellants.
*Joseph R. Jackson*, Assistant Attorney General (*Ralph Folks* and *John F. Kavanagh*, special attorneys, of counsel), for the United States.

[1] T. D. 47482.

**488**

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

Merchandise was imported at the port of New York by the appellants, and was classified by the collector and described in the appraiser's answer to protest as "Wilton carpets, rugs or mats composed of wool valued at not more than 40¢ per square foot," and duty was assessed thereon at 40 per centum ad valorem under paragraph 1117 (a) of the Tariff Act of 1930. Protest was filed, claiming the goods to be dutiable at 30 per centum ad valorem as floor coverings under paragraph 1117 (c), with alternative claims under paragraphs 1118, 1117 (b) and 921. As no reliance is placed upon any of said claims except the first, no further consideration will be given to the others.

The relevant portions of said paragraph 1117 are as follows:

PAR. 1117. (a) Axminster carpets, rugs, and mats, not specially provided for; Wilton carpets, rugs, and mats; Brussels carpets, rugs, and mats; velvet or tapestry carpets, rugs, and mats; and carpets, rugs, and mats, of like character or description; all the foregoing, valued at not more than 40 cents per square foot, 40 per centum ad valorem; valued at more than 40 cents per square foot, 60 per centum ad valorem.

\*      \*      \*      \*      \*      \*      \*

(c) All other floor coverings, including mats and druggets, wholly or in chief value of wool, not specially provided for, valued at not more than 40 cents per square foot, 30 per centum ad valorem; valued at more than 40 cents per square foot, 60 per centum ad valorem.

(d) Parts of any of the foregoing shall be dutiable at the rate provided for the completed article.

The cause was submitted to the trial court on the following stipulation of facts:

It is hereby stipulated and agreed by and between counsel:

(1) That the merchandise described on the invoice covered by the protest herein as "Rexmere Wilton" consists of Wilton carpeting composed wholly or in chief value of wool.

(2) That the pattern is a running allover pattern without a border.

(3) That the said merchandise was woven in continuous running lengths, 27 inches wide, and was imported in rolls approximately 50 yards in length.

(4) That it is not marked in any manner to indicate where it is to be cut for use.

(5) That it is used in the ordinary manner in which carpeting is used as floor covering and is made ready for that use by being cut to the desired length and the required number of widths sewn together.

(6) That it is valued at not more than 40 cents per square foot; and is always purchased abroad and sold in the United States by the lineal yard, both at wholesale and at retail.

\*      \*      \*      \*      \*      \*      \*

It is further stipulated and agreed that the protests may be submitted on this stipulation.

The United States Customs Court overruled the protest and the importers have appealed.

Counsel for the importers contend that the imported merchandise, being in running lengths, is Wilton *carpeting*, or material for making carpets, and is not a Wilton *carpet* or Wilton *carpets*, as named in the statute; that from the time of the organization of the Government, and in the present tariff statute, the Congress has distinguished between "carpets" and "carpeting"; that not having done so in said paragraph 1117 (a), and having eliminated therefrom the word "carpeting", the said subparagraph does not include carpeting, and the merchandise must, therefore, come within the scope of subparagraph 1117 (c), it being admittedly floor coverings. On the other hand, counsel for the Government contend that the imported merchandise is dutiable under said paragraph 1117 (a) by virtue of the doctrine of legislative adoption of judicial decisions; that it is comprehended within the common meaning of the word "carpets", as defined by the lexicographers; and, while admitting that the words "carpets" and "carpeting" have both been used by the Congress in preceding acts and this act, that such words were used as synonyms for each other, without distinction of meaning.

Counsel for the appellants, with commendable industry, have examined and cited many sections and paragraphs of preceding tariff acts relative to floor coverings, where the words "carpets" and "carpeting" have occurred in the same act. This practice first began with the Tariff Act of August 10, 1790, and has continued in successive tariff acts until and including the present Tariff Act of 1930. In that said act of 1930, these two words appear in the provisions for cotton carpets and carpeting, paragraph 921, and for hemp, flax or jute carpets and carpeting, paragraph 1021.

In the Tariff Act of October 3, 1913, the provision covering Wilton products was paragraph 294, which read:

294. Saxony, Wilton, and Tournay velvet carpets, figured or plain, and all carpets or carpeting of like character or description, 30 per centum ad valorem.

In the Tariff Act of 1922, the provision for Wilton products was changed to read:

PAR. 1117. Axminster carpets and rugs, not specially provided for; Wilton carpets and rugs; Brussels carpets and rugs; velvet and tapestry carpets and rugs; and carpets and rugs of like character or description, 40 per centum ad valorem.

\* \* \* \* \* \* \*

Parts of any of the foregoing shall be dutiable at the rate provided for the complete article.

Following this change, in 1924, a case was made up, and heard by the United States Customs Court in which the exact point here urged by appellants' counsel was before the court, namely, whether the

omission of the words "carpeting" did not relegate the importation into the basket clause for "all other floor coverings." The court held contrary to the importer's contentions. *In re Marshall Field & Co.*, T. D. 40083, 45 Treas. Dec. 374.

When the Congress met for the consideration of the Tariff Act of 1930, the Summary of Tariff Information, 1929, was submitted to the Ways and Means Committee of the House of Representatives, having the preparation of the bill in charge. This report, volume 2, page 1740, specifically called attention to the above cited case, in these words: "*Wilton carpets* in the piece were held dutiable as Wilton carpets and not as floor coverings in chief value of wool not specially provided for, under paragraph 1117. (G. A. 8763, T. D. 40083.)"

Thereafter, the Tariff Act of 1930 was enacted, containing said paragraph 1117 (a), which repeated the language carried by said paragraph 1117 of the Tariff Act of 1922, with the added word "mats", thus: "Wilton carpets, rugs and mats."

It does not appear that, at the time of the enactment of the said Tariff Act of 1930, there was any adjudication of any court contrary to that in *In re Marshall Field & Co., supra*. The Government contends that the enactment of said paragraph 1117 (a) of the present act constitutes a legislative approval and ratification of said judicial construction by the United States Customs Court.

We are unable to see any escape from such a conclusion, under the authorities, some of the most recent of which are: *United States* v. *Columbo Co.*, 21 C. C. P. A. (Customs) 177, T. D. 46510; *Smith* v. *United States*, 21 C. C. P. A. (Customs) 514, T. D. 46971; *United States* v. *Guth Stern & Co.*, 21 C. C. P. A. (Customs) 246, T. D. 46777.

The Congress, with the judicial construction of the United States Customs Court brought specifically to its attention, failed to change the language of said paragraph 1117. Having failed to do so, we must conclude that the court's said construction met with its approval.

Further discussion of the authorities referred to by counsel, in view of the above conclusion, is thought to be unnecessary, and the judgment of the United States Customs Court is, therefore, *affirmed*.